UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAUL MURILLO DIAZ,<br><br>Defendant. | Case No. 16-cr-00323 LHK (NC)<br><br>**DETENTION ORDER**<br><br>Hearing: January 12, 2017 |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Government moved for detention of the defendant RAUL MURILLO DIAZ and the Court on January 12, 2017, held a detention hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. This order sets forth the Court's findings of fact and conclusions of law as required by 18 U.S.C. § 3142(i). The Court finds that detention is warranted.

The defendant was present at the detention hearing, represented by his attorney Assistant Federal Public Defender Varell Fuller. The Government was represented by Assistant U.S. Attorney John Bostic.

The defendant is charged by indictment in this District with three felony counts:

Case No. 16-cr-00323 LHK (NC)

Counts 1-2 each charge arson in violation of 18 U.S.C. § 844(i); Count 3 charges possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d).  The facts alleged in the Indictment took place in May and June 2016.  Specifically, the Indictment asserts that Diaz committed arson on two vehicles and possessed two unregistered Molotov cocktails.  ECF 9.  The criminal complaint against Diaz identifies the two vehicles subjected to the arson as a Google self-driving car and a Google "Street View" vehicle.  ECF 4 (criminal complaint).  The defendant is presumed innocent of the charges.  *See* 18 U.S.C. § 3142(j).

As documented in the ECF records, Diaz initially appeared on July 1, 2016, charged by complaint.  A detention hearing was begun on July 8, 2016, and continued to July 27, 2016.  On August 3, Diaz was referred by the Court for a competency evaluation under 18 U.S.C. § 4241.  As part of the competency evaluation, the parties and the Court have received reports from psychiatrist Dr. John M. Greene and forensic psychologists Tiffany Smith and Lisa Hope.  A competency hearing before Judge Koh is scheduled for February 10, 2017.  The Court considered the defendant's mental health records as part of its detention decision.  The Court also considered a Pretrial Services Report prepared July 7, 2016, and an Addendum Report prepared January 11, 2017.  In its most recent report, Pretrial Services recommended that Diaz be detained as a risk of danger to the community.

The detention hearing was held publicly.  Both parties were allowed an opportunity to call witnesses and to present evidence.  Both parties presented their arguments by way of proffer through counsel.  Both parties may appeal this detention order to the assigned trial judge, U.S. District Court Judge Lucy H. Koh.

I.      PRESUMPTIONS

The charged offenses do not create a rebuttable presumption of detention.

II.     REBUTTAL OF PRESUMPTIONS

Not applicable.

III.    WRITTEN FINDINGS OF FACT AND STATEMENT OF REASONS

The Court has taken into account the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearing and finds as follows. The Court adopts the facts set

forth in the Pretrial Services Reports, supplemented by information presented at the hearing. The Court finds that the Government has established by more than clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community. The reasons for the detention include the following: the weight of the evidence; charged offenses (arson) that are a crime of violence and involve a firearm; history of drug abuse; and defendant's mental illness, as fully described in the mental health evaluations. To be clear, the Court finds that Diaz is not a general danger to the community, but poses a specific danger to the employees and property of Google, which is headquartered in this District. As to risk of non-appearance, the Court finds that because of defendant's ties to this community and strong family support, there are conditions that could be combined to mitigate the risk of non-appearance.

## IV. DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Date: January 17, 2017

Nathanael M. Cousins
United States Magistrate Judge