UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>  Plaintiff,<br><br>v.<br><br>RAUL MURILLO DIAZ,<br><br>  Defendant. | Case No. 16-CR-00323-LHK-1<br><br>**ORDER DENYING MOTION TO DISMISS COUNTS ONE AND TWO OF THE INDICTMENT**<br><br>Re: Dkt. No. 59 |

On July 21, 2016, Defendant Raul Murillo Diaz was charged with two counts of arson in violation of 18 U.S.C. § 844(i) and one count of possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). ECF No. 9. The relevant portion of § 844(i) forbids "maliciously damage[ing] or destroy[ing], or attempt[ing] to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce." 18 U.S.C. § 844(i).

Count One alleges that "[o]n or about May 19, 2016, in the Northern District of California," Defendant "maliciously attempted to damage and destroy by means of fire a vehicle used in interstate commerce, described as: one 2008 Subaru station wagon bearing California license plate 6DNJ115," in violation of 18 U.S.C. § 844(i). ECF No. 9 at 2. Count Two alleges

1  that "[o]n or about June 10, 2016, in the Northern District of California," Defendant "maliciously damaged and destroyed by means of fire a vehicle used in interstate commerce, described as: one 2011 GEM BTR electric vehicle bearing VIN number 5ASGRGA47BF052851," in violation of 18 U.S.C. § 844(i) *Id.* at 3.

On October 4, 2017, Defendant filed a motion to dismiss Counts One and Two of the indictment based on the indictment's failure to plead specific facts in support of the allegation that the vehicles were used in interstate commerce. ECF No. 59 ("Mot."). Defendant does not challenge Count Three. For the reasons stated below, the Court DENIES the motion to dismiss.

Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment be "a plain, concise and definite written statement of the essential facts constituting the offense charged." "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Davis*, 336 F.3d 920, 922 (9th Cir. 2003) (quoting *United States v. Bailey*, 444 U.S. 394, 414 (1980)); *accord United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007). "In cases where the indictment 'tracks the words of the statute charging the offense,' the indictment will be held sufficient 'so long as the words unambiguously set forth all elements necessary to constitute the offense.'" *Davis*, 336 F.3d at 922 (quoting *United States v. Fitzgerald*, 822 F.2d 397, 399 (9th Cir. 1989)); *see also Hamling v. United States*, 418 U.S. 87, 117 (1974) ("It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished."). Indeed, "[i]n the Ninth Circuit [the] use of a 'bare bones' information—that is one employing the statutory language alone—is quite common and entirely permissible so long as the statute sets forth fully, directly and clearly all essential elements of the crime to be punished." *United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995) (second alteration in original) (internal quotation marks omitted).

Notwithstanding this general acceptance of indictments that track the words of the statute,

2

Defendant argues that § 844(i) requires the government to allege specific facts in support of the allegation that the vehicles at issue here were used in interstate commerce. Defendant premises this argument on *Jones v. United States*, 529 U.S. 848 (2000), in which the United States Supreme Court interpreted § 844(i) but did not address the pleading standard. In *Jones*, the defendant threw a Molotov cocktail into a residential home and was charged with arson under § 844(i). *Id.* at 851. The U.S. Supreme Court held that Congress did not intend "to invoke its full authority under the Commerce Clause" in § 844(i) because § 844(i) requires that the targeted property be "used in" interstate commerce or in an activity affecting interstate commerce. *Id.* at 854. "That qualification is most sensibly read to mean active employment for commercial purposes, and not merely a passive, passing, or past connection to commerce." *Id.* at 855. Accordingly, the U.S. Supreme Court held that the fact that a "private, owner-occupied residence" received natural gas or was the subject of a mortgage or insurance policy was not enough to satisfy § 844(i)'s requirement that the real property be used in interstate commerce or in an activity affecting interstate commerce. *Id.* at 855-56.

Having established that § 844(i)'s interstate commerce nexus element requires more than a passive connection to interstate commerce, Defendant then relies on the Ninth Circuit's decision in *United States v. ORS*, 997 F.2d 628 (9th Cir. 1993). In *ORS*, the Ninth Circuit held that the Sherman Act's interstate commerce nexus element required an indictment to state how a defendant's actions affected interstate commerce. Although the Ninth Circuit acknowledged that precedent allowing conclusory pleading was persuasive, the Ninth Circuit concluded that in the antitrust context, it was bound by the U.S. Supreme Court's decision in *McLain v. Real Estate Board of New Orleans*, 444 U.S. 232, 242 (1980), which held that "jurisdiction may not be invoked under [the Sherman Act] unless the relevant aspect of interstate commerce is identified." *See ORS*, 997 F.2d at 631-32. In the instant motion, Defendant argues that this precedent from the antitrust context should inform the Court's interpretation in arson cases of what must be pled to satisfy Rule 7(c) in terms of § 844(i)'s interstate commerce nexus requirement.

However, the Court finds that Defendant's argument is precluded by *United States v.*

3

*Renteria*, 557 F.3d 1003 (9th Cir. 2009), a unanimous Ninth Circuit decision of Circuit Judges David R. Thompson, Harry Pregerson, and Dorothy W. Nelson. In *Renteria*, , the defendant was charged under § 844(i) with arson of a synagogue in an indictment that identified the synagogue by name and address and tracked the language of the statute with respect to the synagogue's use in interstate commerce. *Id.* at 1006. The defendant argued that the indictment was insufficient because it did not explain how the synagogue was used in interstate commerce. *Id.* Citing *Jones*, the Ninth Circuit held that there was no heightened pleading requirement for the interstate commerce nexus element of § 844(i) when the alleged violation involves a house of worship. *Id.* at 1007.

Although the Ninth Circuit referenced a house of worship in *Renteria*, the Court finds that the Ninth Circuit's logic in *Renteria* also controls the facts of the instant case. If there is no heightened burden to plead specific facts supporting a nexus to interstate commerce for arson of a house of worship, which is not normally used for commercial purposes, there is no reason that there should be a heightened burden for the vehicles at issue here, particularly when the text of § 844(i) explicitly states that the statute covers vehicles. Moreover, *Renteria* squarely addressed the applicable pleading standard for § 844(i), whereas *Jones*, upon which Defendant heavily relies, did not purport to address the pleading standard, but instead interpreted the meaning of § 844(i).

The Court is aware of only one other court in the Ninth Circuit to have considered Defendant's argument. *See United States v. Garcia*, No. CR S-11-290 LKK, 2011 WL 4634153, at *1 (E.D. Cal. Oct. 3, 2011) *aff'd on other grounds*, 768 F.3d 822 (9th Cir. 2014). In *Garcia*, the defendant was charged with arson of a building and a vehicle under § 844(i). Citing *Jones*, the defendant challenged the sufficiency of the indictment as to the vehicle because the indictment's interstate commerce nexus allegation simply tracked the language of the statute. 2011 WL 4634153 at *1. The *Garcia* court held that Defendant's argument was precluded by *Renteria*. *Id.*

Moreover, the Court finds that Defendant's reliance on *ORS* is misplaced, as the reasoning in that case clearly depended on the U.S. Supreme Court's holding that jurisdiction under the Sherman Act can only be invoked where "the relevant aspect of interstate commerce is identified."

*ORS*, 997 F.2d at 632 (quoting *McLain*, 444 U.S. at 242). There is no analogous requirement for § 844(i). Accordingly, the Court concludes that the indictment here, which tracked the language of § 844(i)[1] and identified the specific vehicles at issue, complied with Rule 7(c).

Defendant also relies on *Russell v. United States*, 369 U.S. 749 (1962), to argue that the indictment in this case violated Defendant's Fifth Amendment rights to due process and to be prosecuted solely on evidence presented to the grand jury, as well as Defendant's Sixth Amendment right to be informed of the nature and cause of the accusation against him. Mot. at 3-6. This reliance is unavailing. The U.S. Supreme Court rejected a similar argument in *United States v. Resendiz-Ponce*, 549 U.S. 102 (2007). In *Resendiz-Ponce*, the defendant was charged with attempted illegal reentry of the United States in an indictment that tracked the language of the statute, 8 U.S.C. § 1326(a). 549 U.S. at 104-05. The defendant argued that an indictment for attempted illegal reentry of the United States must allege a specific overt act because the commission of an overt act is a necessary element for an attempt crime. In the decision below, the Ninth Circuit had reasoned that the failure to allege a specific overt act violated the defendant's rights because he was never given notice of what specific act would be proven at trial, nor did the grand jury ever "pass[] on a specific overt act." *Id.* at 106 (quoting 425 F.3d 729, 733 (9th Cir. 2005)). The U.S. Supreme Court disagreed. The U.S. Supreme Court held that "it was enough" for the indictment "to point to the relevant criminal statute" and allege the date and approximate location that the defendant was alleged to have attempted to cross the border. *Id.* at 107-08.

In *Resendiz-Ponce*, the U.S. Supreme Court also noted that Justice Stewart's opinion in *Russell* recognized "the drift of the law away from the rules" requiring more detailed pleading. *Id.* at 110. The U.S. Supreme Court stated that "detailed allegations . . . surely are not contemplated by Rule 7(c)(1)." *Id.* In other words, even taking *Russell* into account, the U.S. Supreme Court was satisfied that the indictment at issue in *Resendiz-Ponce* "did not deprive [the defendant] of

---

[1] In the instant case, the indictment, which alleges that the vehicles were "used in interstate commerce," is more specific than the statute, which encompasses "property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce." 18 U.S.C. § 844(i).

5
Case No. 16-CR-00323-LHK-1
ORDER DENYING MOTION TO DISMISS COUNTS ONE AND TWO OF THE INDICTMENT

any significant protection that the constitutional guarantee of a grand jury was intended to confer." *Id.*

Like in *Resendiz-Ponce*, the indictment in the instant case tracked the statute. The Ninth Circuit approved of an indictment that tracked the very same statute, § 844(i), in *Renteria*. Accordingly, Defendant's arguments that the indictment in the instant case violates the Fifth and Sixth Amendments must fail.

With regard to Defendant's argument that the indictment must be dismissed under Rule 12 because it fails to state an offense, Defendant acknowledges that this argument is premised on the same reasoning as his Rule 7 argument, which the Court addressed above. *See* Mtn. at 20 ("For the same reasons that warrant dismissal under Rule 7(c), dismissal is also warranted under Federal Rule of Criminal Procedure 12(b)."); *id.* at 21 ("For the same reasons outlined above, the indictment in this case fails to state an offense, and fails to invoke the Court's Commerce Clause jurisdiction, because it does not provide sufficient factual information within the four corners of the indictment to allege an arson in violation of federal law."). Accordingly, Defendant's challenge under Rule 12 also fails for the reasons the Court has already explained.

Accordingly, Defendant's Motion to Dismiss Counts One and Two of the Indictment is DENIED.

**IT IS SO ORDERED.**

Dated: November 29, 2017

<u>Lucy H. Koh</u>
LUCY H. KOH
United States District Judge