ALEX G. TSE (CABN 152348)
Acting United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

JOHN C. BOSTIC (CABN 264367)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    Fax: (408) 535-5066
    EMAIL: john.bostic@usdoj.gov

Attorneys for the United States of America

FILED

APR 16 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RAUL MURILLO DIAZ,<br><br>    Defendant. | CASE NO. 16-CR-00323 LHK<br><br>JOINT STIPULATIONS AND WAIVERS FOR BENCH TRIAL |

    The United States, by and through Assistant United States Attorney John C. Bostic, and defendant Raul Murillo Diaz, by and through Assistant Federal Public Defender Varell L. Fuller, hereby submit the following stipulations and waivers in anticipation of a bench trial scheduled for April 16, 2018, before this Court

I.    **INTRODUCTION**

    This trial concerns defendant Raul Murillo Diaz (hereinafter, "Defendant"), who is charged with two counts of arson and one count of possessing an unregistered firearm.

    On July 1, 2016, the government filed a complaint charging Defendant with arson in violation of

18 U.S.C. § 844(i). (Dkt. No. 4). Following Defendant's arrest on that complaint, a grand jury returned an indictment on July 21, 2016, charging Defendant with one count of attempted arson and one count of arson in violation of 18 U.S.C. § 844(i) and one count of possession of an unregistered firearm in violation of 26 U.S.C. § 5961(d). (Dkt. No. 9).

On February 16, 2018, the Court ordered an evaluation of Defendant pursuant to 18 U.S.C. §§ 4242 and 4247(b) and (c) to determine, among other things, whether Defendant was insane at the time of the alleged offenses. (Dkt. No. 82). On March 21, 2018, the evaluating psychologist, Dr. Tiffany Smith, issued a report opining that, at the time of the alleged offenses, Defendant suffered from a mental illness that interfered with his ability to appreciate the wrongfulness of his actions.

The parties have agreed to proceed via a stipulated facts bench trial as to Count Two of the Indictment. The United States has agreed to dismiss Counts One and Three of the Indictment following the verdict of not guilty by reason of insanity as to Count Two.

## II. WAIVER OF RIGHTS

1. Pursuant to Federal Rule of Criminal Procedure 23, Defendant waives his right to a jury trial, and the government consents to have the Court conduct the trial in this case.

2. Having consulted with his lawyer, Defendant waives his right to testify and to call any witnesses on his own behalf, and he submits the matter for decision by the Court based on the factual stipulations below. Defendant has been informed of his right to have a trial by jury and his right to confront witnesses against him. It is his knowing intention to proceed to trial through this written statement of stipulated facts rather than calling and cross-examining witnesses.

3. Defendant agrees to give up his right to appeal the verdict and the judgment, except that he reserves the right to claim that his counsel was ineffective. Defendant further agrees not to file any collateral attack on the verdict or judgment, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, except that he reserves the right to claim that his counsel was ineffective.

4. The government agrees not to call witnesses, and to submit the matter for decision based on the factual stipulations below.

5. The government agrees to dismiss Counts One and Three of the Indictment following the

verdict of not guilty by reason of insanity.

III.    **FACTUAL STIPULATIONS**

Defendant Raul Murillo Diaz and the government, by and through counsel, hereby stipulate that, but for these stipulations, the government would have called witnesses and introduced documents to establish at least the following facts beyond a reasonable doubt.

1. On or about May 19, 2016, at approximately 10:30 p.m., Defendant traveled to 1501 Salado Drive in Mountain View, California—a property occupied by Google, Inc. At that time and place, Defendant used a cigarette lighter to ignite two Molotov cocktails[1] that he then threw at a 2008 Subaru station wagon, California license plate 6DNJ115, located in front of a building there. The first Molotov cocktail landed on the ground at the rear of the vehicle and broke, setting fire to that area. The second Molotov cocktail bounced off the vehicle and initially did not break; however, Defendant retrieved it from the ground and threw it onto the ground near the vehicle, at which point it broke and set fire to the area where it landed. At the time, the vehicle was owned by Google, Inc., and was used by Google in interstate commerce.

2. On or about June 10, 2016, at approximately 1:30 a.m., Defendant traveled to 1098 Alta Avenue in Mountain View, California—a property occupied by Google, Inc. At that time and place, Defendant used a squirt gun to apply gasoline or some other accelerant to a vehicle parked on Google property: a 2011 GEM BTR electric vehicle bearing VIN number 5ASGRGA47BF052851. Defendant then ignited the liquid, setting the vehicle on fire. In so doing, Defendant intentionally and maliciously damaged and destroyed that vehicle by means of fire. The GEM electric vehicle was destroyed in the resulting fire. At the time of the fire, the GEM BTR electric vehicle was owned by Google, Inc., and was used by Google in interstate commerce. Specifically, the company's facilities teams used the vehicle to travel from building to building on Google's large campus, transporting personnel as well as tools, parts, and other equipment used in maintaining Google's property.

3. On or about May 19, 2016, in Mountain View, California, Defendant knowingly

---

[1] A Molotov cocktail is a glass bottle filled with an accelerant and including a cloth fuse. When the cloth is lit, the Molotov cocktail is thrown at a target, and the bottle breaks, it ignites and spreads the flammable liquid on and around the target.

JOINT STIPULATIONS AND WAIVERS FOR BENCH TRIAL
16-CR-00323 LHK

possessed two Molotov cocktails. Those Molotov cocktails were destructive devices satisfying the statutory definition of a "firearm" under 26 U.S.C. § 5845(a) and (f), and the Defendant was aware that the Molotov cocktails were destructive devices. Defendant never registered the Molotov cocktails described above with the National Firearms Registration and Transfer Record.

## IV. STIPULATIONS RE INSANITY DEFENSE UNDER 18 U.S.C. § 17 AND 18 U.S.C. § 4242

Defendant and the government, by and through counsel, hereby stipulate that the following facts shall be deemed proven by clear and convincing evidence:

1. On February 16, 2018, the Court ordered Bureau of Prisons psychologist Tiffany Smith to conduct an examination of Defendant pursuant to 18 U.S.C. §§ 4242 and 4247(b) and (c) to determine whether Defendant was insane at the time of the alleged offenses. Dr. Smith examined Defendant during the week of February 19, 2018. She interviewed him over the course of two days, reviewed documentary and video evidence, and spoke with law enforcement officers involved in Defendant's arrest and post-arrest interviews.

2. On March 21, 2018, Dr. Smith issued her report regarding Defendant's criminal responsibility and mental state at the time of the charged offenses. Dr. Smith concluded that Defendant suffers from a delusional disorder, persecutory type with referential delusions and that, as a result of that mental disease, Defendant did not believe his actions in committing the charged conduct were morally wrong because (1) he believed his actions were justified as an attempt to end the perceived surveillance of his activities and intrusion into his mind and daily activities; and (2) he believed that Google was aware of his actions and passively condoned his behavior by declining to stop him. The entirety of Dr. Smith's report is incorporated by reference as a basis for the Court's verdict in this matter. *See* Sealed Forensic Evaluation, Docket Entry 102.

3. Based on the above facts and the conclusions of Dr. Smith as stated in the above-referenced report, at the time of the charged offenses, Defendant was unable to appreciate the wrongfulness of his acts as a result of a severe mental disease or defect.

//

//

JOINT STIPULATIONS AND WAIVERS FOR BENCH TRIAL
16-CR-00323 LHK

4

4. Accordingly, the parties stipulate and agree to a finding that Defendant is not guilty only by reason of insanity of Count 2 in the indictment pursuant to 18 U.S.C. § 4242(b)(3).

**IT IS SO STIPULATED.**

DATED: 4/16/18

ALEX G. TSE
Acting United States Attorney

JOHN C. BOSTIC
Assistant United States Attorney

DATED: 4/16/18

RAUL MURILLO DIAZ
Defendant

DATED: 4/16/18

VARELL L. FULLER
Assistant Federal Public Defender
Attorney for the Defendant

JOINT STIPULATIONS AND WAIVERS FOR BENCH TRIAL
16-CR-00323 LHK

5